Mark S. Zhai (SBN 287988)
markzhai@zhailaw.com
9120 S. Gale Ridge Road
San Ramon, CA 94582
Telephone:     (202) 412-9396
Facsimile:     (877) 316-1952


Benjamin J. Kussman (SBN 304488)
ben.kussman@kussmanlaw.com
Law Office of Benjamin Kussman, P.C.
1875 Century Park E, Ste 700
Los Angeles, CA 90067
Telephone:     (310) 407-5474
Facsimile:     (720) 247-1250

*Attorneys for Plaintiff*
HUI JIE JIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| HUI JIE JIN, individually,<br><br>Plaintiff,<br>v.<br><br>ALAMEDA COUNTY, a public entity; CITY OF DUBLIN, a public entity; SHERIFF GREGORY J. AHERN; ACSO LIEUTENANT ROBERT MCGRORY; ACSO COMMANDER DENNIS HOUGHTELLING; ACSO OFFICER PHILLIP CORVELLO; and DOES 1-10, Jointly and Severally,<br><br>Defendants. | Case No.:<br><br>Hon.:<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, DECLARATORY JUDGEMENT, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiff HUI JIE JIN, by and through her attorneys, for her Complaint against Defendants Alameda County, Sherriff Gregory J. Ahern, ACSO Lieutenant Robert McGrory, the City of Dublin, Dublin Police Chief Dennis Houghtelling, ACSO Officer Phillip Corvello, and DOES 1-10 (collectively, "Defendants"), states as follows:

## PRELIMINARY STATEMENT

1.     This action arises from the unlawful arrest and brutal assault of Plaintiff HUI JIE JIN ("Plaintiff" or "Mrs. Jin"), a 76-year old legally deaf and disabled grandmother, by Alameda County and City of Dublin police officers, namely, but not limited to, Traffic Officer Phillip Corvello (Badge No. 1720).

2.     As described in detail herein, on the morning of July 21, 2017, Officer Corvello detained Mrs. Jin for allegedly jaywalking in the City of Dublin.  Mrs. Jin is profoundly deaf and could not hear nor understand Officer Corvello.  Officer Corvello recognized this fact, but at no point did he make any attempt to effectively communicate with Mrs. Jin.  Instead, Officer Corvello decided to unlawfully arrest Mrs. Jin after becoming frustrated with her repeated attempts to communicate using hand gestures.

3.     Mrs. Jin did not pose a danger to anyone, and at no point did she attempt to flee or resist arrest—nor could she flee or resist due to her age, physical ailments, and disabilities. Despite these facts, Officer Corvello, a man 2-3 times Mrs. Jin's size and half her age, violently threw Mrs. Jin to the ground, placed his foot or knee on her back, and cuffed her hands behind her back so tightly that she passed out from the pain.  In addition, Officer Corvello unnecessarily re-cuffed Mrs. Jin to the ambulance while she was unconscious, and for no apparent reason, sadistically crushed Mrs. Jin's left wrist to the bone.  The level of force used by Officer Corvello was completely unreasonable under the circumstances and only begs the question, ***what kind of man beats up a disable 76-year old grandmother?***

4.     As described in detail below and as evidenced by the photos attached as **Exhibit A**, Defendants caused severe injuries to Mrs. Jin, many of which have been progressing in severity and require long-term care.  Police officers are supposed to help disabled elderly women cross streets—not beat them senseless and to the point of hospitalization.

**COMPLAINT AND JURY DEMAND**

5.   This incident occurred in part because, despite recognizing that Mrs. Jin is deaf, Officer Corvello failed to take any steps to effectively communicate with her at any time during the incident.  Mrs. Jin's injuries were also in part the result of Defendants' continued failure to adopt and implement policies and procedures to ensure that communications with individuals who are deaf are as effective as communications with others, as well as Defendants' deliberate attempts to cover up the unlawful actions of its officers.  Accordingly, as set forth in detail below, Plaintiff brings this action as a Private Attorney General to vindicate and enforce her rights, as well as the civil rights of other disabled and oppressed individuals.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

6.   This is a civil rights action arising from the discrimination, unlawful arrest, use of excessive force, and obstruction of justice by Defendants, separately and/or in concert, against Plaintiff HUI JIE JIN that occurred in the City of Dublin and Alameda County, California.

7.   This action is brought pursuant to: (i) the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* (the "ADA"); (ii) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"); (iii) 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California.  This Court has subject matter jurisdiction over this action based upon 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because her state and federal claims derive from a common nucleus of operative fact.  This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

8.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) & (2) because all Defendants are residents of the State of California or government entities established under the laws and Constitution of the State of California, and all of the events or omissions giving rise to Mrs. Jin's claims occurred in this judicial district and, in particular, Alameda County, California.  Pursuant to Civil Local Rule 3-2(d), this action is

**COMPLAINT AND JURY DEMAND**

1  properly assigned to the San Francisco or Oakland Divisions of the United States District Court

2  for the Northern District of California.

3  **PARTIES AND PROCEDURE**

4    9.    Plaintiff HUI JIE JIN ("Plaintiff" or "Mrs. Jin") is a 76-year old senior citizen

5  who resides with her family in San Ramon, California.  Mrs. Jin is, and at all times relevant

6  herein, legally deaf and a qualified person with a "disability" as the term is defined under the

7  ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104), the

8  Rehabilitation Act and its implementing regulations (29 U.S.C. § 705(20)(A); 28 C.F.R.

9  41.32(b)), and California law pursuant to Cal. Gov't Code § 12926.

10    10.    Defendant ALAMEDA COUNTY ("Alameda County") is a public entity

11  established by the laws and Constitution of the State of California, a local government entity

12  within the meaning of Title II of the ADA, and receives federal funding within the meaning of

13  the Rehabilitation Act.  Alameda County owns, operates, manages, directs, and controls the

14  Alameda County Sheriff's Office ("ACSO").  ACSO provides law enforcement services for

15  Alameda County, including the City of Dublin via contract, and employs one or more of the

16  police officers named as Defendants in this action.

17    11.    Defendant CITY OF DUBLIN (the "City of Dublin") is a public entity established

18  by the laws and Constitution of the State of California, a local government entity within the

19  meaning of Title II of the ADA, and receives federal funding within the meaning of the

20  Rehabilitation Act.  The City of Dublin is responsible for providing law enforcement services in

21  the City of Dublin, which includes managing, directing, and controlling ACSO police officers

22  provided to the City of Dublin under the contract with ACSO, including Defendants ACSO

23  Commander Dennis Houghtelling and ACSO Officer Phillip Corvello.

24    12.    Defendant SHERIFF GREGORY J. AHERN ("Sheriff Ahern") is the elected

25  Sheriff of Alameda County, the highest supervisor at ACSO, the principal policy making officer

26  for Alameda County with respect to law enforcement services provided by ACSO, and was

27  acting within the course and scope of employment/agency for Alameda County at all times

28  material to this action.  Sheriff Ahern is sued in his individual and official capacity.

COMPLAINT AND JURY DEMAND

13.     Defendant ACSO COMMANDER DENNIS HOUGHTELLING ("Commander Houghtelling") is an ACSO officer who serves as the Chief of Police for the City of Dublin. Commander Houghtelling is the highest supervisor for the City of Dublin with respect to police services, reports to the City of Dublin and Alameda County, and was acting within the course and scope of employment/agency for Alameda County and the City of Dublin at all times material to this action.  Commander Houghtelling is sued in his individual and official capacity.

14.     Defendant ACSO LIEUTENANT ROBERT MCGRORY ("Lt. McGrory") is an ACSO officer who serves as the Administrative Lieutenant of ACSO's internal affairs unit. Lt. McGrory is responsible for overseeing complaints against ACSO officers, and was acting within the course and scope of employment/agency for Alameda County at all times material to this action.  Lt. McGrory is sued in his individual and official capacity.

15.     Defendant ACSO OFFICER PHILLIP CORVELLO ("Officer Corvello"), badge No. 1720, is an ACSO deputy who serves as a traffic officer assigned to the City of Dublin. Officer Corvello was acting within the course and scope of employment/agency for ACSO and the City of Dublin at all times material to this action.  Officer Corvello is sued in his individual and official capacity.

16.     The true names and capacities of the individuals sued as Defendants DOES 1-10 are currently unknown to Plaintiff.  On information and belief, DOES 1-10 are ACSO officers who participated in the unlawful acts alleged by this Complaint.  Further, at all times material to this action, one or more DOES 1-10 were responsible for the hiring, training, supervision, and discipline of the officers who arrested and injured Mrs. Jin.  On information and belief, DOES 1-10 are each, individually or in concert with other Defendants, responsible for Mrs. Jin's injuries, whether through intentional acts, omissions, negligence, or otherwise.  At all times material to this action, DOES 1-10 were employed by Alameda County and/or the City of Dublin and was acting as an agent of Alameda County and/or the City of Dublin within the course and scope of that relationship.  DOES 1-10 are sued in their individual and official capacities.  Plaintiff reserves the right to seek leave to amend this Complaint after Defendants provide the true names and capacities of DOES 1-10.

**COMPLAINT AND JURY DEMAND**

17.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in the improper conduct, and an integral participant with fundamental involvement in the improper conduct described herein, including the unlawful arrest, use of excessive force, and further obstruction of justice against Mrs. Jin.  Defendants' individual and joint conduct set in motion and resulted in the deprivation of Plaintiff's constitutional rights and other harms.

18.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of Alameda County and/or the City of Dublin.  The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of Alameda County and the City of Dublin.  Under California Government Code § 815(a), Defendants Alameda County and the City of Dublin are liable for any and all wrongful acts in violation of state law hereinafter complained of committed by any of these Defendants' employees acting within the course and scope of their employment.

19.    Plaintiff brings these claims as a Private Attorney General, to vindicate and enforce not only her own rights but others' civil rights of great importance.

20.    This action is timely filed within all applicable statutes of limitation.  Plaintiff timely noticed Defendants Alameda County or the City of Dublin of the tort claims in this Action pursuant to Cal. Gov. Code § 910 *et seq.* on or around July 22, 2017, and Defendants Alameda County or the City of Dublin failed to take action or provide notice prior to the end of the period on which they can act.

21.    This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

**COMPLAINT AND JURY DEMAND**

1 **GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

2       22.    Mrs. Jin is a 76-year old grandmother who lives with her family in San Ramon,

3 California.  Mrs. Jin stands 5'5" and weighs less than 130lbs.  Like many senior citizens, Mrs.

4 Jin has physical disabilities common with old age.  In particular, she has trouble walking due to

5 arthritis and, after undergoing surgery to remove a brain tumor in 2009, Mrs. Jin lost hearing in

6 her left ear completely and only has 10% hearing in her right ear.  As such, Mrs. Jin is, and at all

7 times relevant herein, legally deaf and primarily communicates through American and Chinese

8 sign language.  Mrs. Jin also utilizes various generally recognizable hand and arm gestures,

9 especially when trying to communicate with people who are not familiar with sign language.

10 Mrs. Jin has never been arrested until the incident described herein.

11       23.    On the morning of July 21, 2017, Mrs. Jin went shopping for groceries.  On her

12 way home, Mrs. Jin was stopped and detained by Defendant Officer Corvello simply because

13 Officer Corvello allegedly saw her jaywalking while crossing a street in the City of Dublin.

14       24.    Officer Corvello, a man two-to-three times Mrs. Jin's size, began shouting at Mrs.

15 Jin.  Because Mrs. Jin is profoundly deaf, Mrs. Jin could not hear Officer Corvello nor

16 understand what Officer Corvello wanted.  As Officer Corvello moved towards her, Mrs. Jin

17 pointed to her ear with one hand and waved her other hand back and forth in order to signal that

18 she was deaf and could not hear Officer Corvello.

19       25.    Officer Corvello clearly understood the meaning of Mrs. Jin's gestures, as he

20 moved in closer to Mrs. Jin's face and began yelling even louder.  Despite recognizing that Mrs.

21 Jin could not hear or understand him, Officer Corvello made no attempts to effectively

22 communicate with Mrs. Jin at any point before or during her arrest.

23       26.    After a few minutes—perhaps realizing the futility of yelling at a deaf woman—

24 Officer Corvello pulled out his handcuffs and began waving them back-and-forth in front of Mrs.

25 Jin's face.  At the time, Mrs. Jin had no idea why Officer Corvello had stopped her or why he

26 was screaming at her and waving handcuffs in her face.  In the video footage from his body

27 camera, however, Officer Corvello can be seen demanding to see Mrs. Jin's identification and

28 repeatedly threatening to take Mrs. Jin to jail if she failed to produce it.  Apparently, Officer

**COMPLAINT AND JURY DEMAND**

1  Corvello thought he would be able to convey his message simply by waving handcuffs in Mrs.

2  Jin's face.

3       27.    After a while, other ACSO and/or City of Dublin police officers (DOES 1-10)

4  arrived on the scene, and Officer Corvello and DOES 1-10 conducted a search of Mrs. Jin's

5  person and grocery bag.   Officer Corvello and DOES 1-10 conducted the search without

6  explaining what they were doing, why they were doing so, and without her consent.  During the

7  search, Mrs. Jin emptied her pockets and handed Officer Corvello her California-issued

8  identification card, disable senior citizen bus pass, and a handwritten card with the name and

9  phone number of Mrs. Jin's daughter—which Mrs. Jin carried with her specifically in case of

10  emergencies such as this one.  Video from Officer Corvello's body camera shows that Officer

11  Corvello receiving, verbally acknowledging the receipt, and inspecting Mrs. Jin's ID card.

12       28.    Mrs. Jin was terrified, but at no point did she resist arrest or attempt to flee, nor

13  could she due to her age and disabilities.  After giving Officer Corvello her ID card, however,

14  Mrs. Jin did attempt to communicate with Officer Corvello and DOES 1-10 through certain

15  gestures.  Specifically, Mrs. Jin clasped her hands together in prayer and repeatedly bowed

16  deeply in front of Officer Corvello in order to beg Officer Corvello for mercy and not to hurt her.

17       29.    Mrs. Jin's gestures, on information and belief, appeared to only agitate Officer

18  Corvello.  In response to her begs for mercy, Officer Corvello violently twisted Mrs. Jin's arms

19  behind her back and viciously slammed her to the ground.  Mrs. Jin had no idea what was

20  happening.  She did not know she was being arrested, let alone why.  And despite recognizing

21  that Mrs. Jin could not hear or understand them, Officer Corvello and DOES 1-10 epically failed

22  to ensure communication with Mrs. Jin was as effective as communications with others who are

23  not deaf or hard of hearing.

24       30.    This incident is especially outrageous because only years prior, Alameda County

25  and ACSO had been sued by the Department of Justice ("DOJ") for precisely the same failure.[1]

26

27  _____

28  [1] *See, e.g.*, DOJ Press Release, "Justice Department Enters Agreement with Alameda County, California, Sheriff to Guarantee Effective Communication for Persons Who Are Deaf, Hard of

**COMPLAINT AND JURY DEMAND**

1   Moreover, in order to settle the case with the DOJ, Alameda County and ACSO agreed to, *inter*

2   *alia*, provide sign language interpreters, auxiliary aids and services to deaf individuals, and to

3   establish nondiscriminatory policies.[2]  Based on the unlawful conduct described herein, Alameda

4   County and ACSO clearly failed to comply with, ignored, and/or forgot about their agreement

5   with the DOJ regarding discrimination against deaf individuals.[3]

6        31.    The actions of Officer Corvello and DOES 1-10 show that Defendants Alameda

7   County and the City of Dublin:  (i) failed to provide ACSO officers with appropriate training

8   regarding the rights of individuals who are deaf or hard of hearing under the ADA and Section

9   504 and California state disability rights laws; (ii) failed to provide or do not enforce policies and

10  procedures to ensure ACSO officers' communication with individuals who are deaf or hard of

11  hearing is as effective as communications with others; and (iii) failed to provide appropriate

12  auxiliary aids and services for individuals who are deaf or hard of hearing.

13       32.    As Mrs. Jin lay on the ground, on information and belief, Officer Corvello and

14  DOES 1-10 needlessly placed a foot or knee on Mrs. Jin's neck and/or back. Officer Corvello

15  and DOES 1-10 then handcuffed Mrs. Jin's hands painfully behind her back.  The pain in her

16  neck, back, shoulders, and elbows was so severe that Mrs. Jin passed out not soon after.  Mrs.

17  Jin's last thought before she lost consciousness was:  "***Dear God, please take my life so I don't***

18  ***have to suffer anymore***."

19       33.    After Mrs. Jin lost consciousness, Officer Corvello and DOES 1-10 called an

20  ambulance.  However, they did not stop brutalizing Mrs. Jin.  Upon arrival of the ambulance,

21  Officer Corvello and DOES 1-10 decided to re-cuff Mrs. Jin to the ambulance despite the fact

22  Mrs. Jin was unconscious.  Not only was this completely unnecessary, but when re-cuffing her,

23  Officer Corvello and DOES 1-10 sadistically crushed Mrs. Jin's left wrist to the bone, causing

24

25

26  Hearing or Deaf-Blind," 2010 (*available at* https://www.justice.gov/opa/pr/justice-department-enters-agreement-alameda-county-california-sheriff-guarantee-effective).

27  [2] *See* Settlement Agreement Between United States Of America and Alameda County Sheriff's Office, Department of Justice Complaint # 204-11-290 (*available at*

28  https://www.ada.gov/alameda_county_sa.html).
    [3] The U.S. Justice Department, Civil Rights Division has been made aware of this Complaint.

1   severe injuries, described herein and shown in **Exhibit A**.  On information and belief, Officer

2   Corvello and DOES 1-10 intentionally crushed Mrs. Jin's wrist to check whether she had

3   regained consciousness.

4       34.   Mrs. Jin was taken from the scene by ambulance to ValleyCare Emergency

5   Medical Center, where she was treated for the injuries caused by Officer Corvello and DOES 1-

6   10, including, but not limited to:  blunt force injuries (contusions, abrasions, avulsions)

7   throughout her body; crushing fractures of her hands and fingers; and head trauma.

8       35.   No person, let alone a disabled 76-year old grandmother, should be subjected to

9   the abuse and torture that Mrs. Jin suffered at the hands of Officer Corvello and DOES 1-10.

10  Officer Corvello and DOES 1-10 were all were integral participants in this unlawful use of force,

11  either directly and/or each were present, observed, assisted and permitted violations of Mrs. Jin's

12  rights, and each Defendant failed to intervene, protect Mrs. Jin, or report the violations of Mrs.

13  Jin's rights by other Defendants.

14      36.   As discussed herein and in more detail below, Mrs. Jin was unlawfully arrested.

15  But even pretending for a moment that there was a legitimate reason for arresting Mrs. Jin, the

16  level of force used by Officer Corvello and DOES 1-10 during the arrest was completely

17  unreasonable under the circumstances.  At no point did Mrs. Jin attempt to flee or resist arrest,

18  nor could she flee or resist due to her age, physical ailments, and disabilities.  Mrs. Jin was not

19  suspected of a serious crime and—as an unarmed disabled elderly woman—she could not have

20  possibly posed a threat to the public or Officer Corvello and DOES 1-10.  Put simply, Officer

21  Corvello and DOES 1-10 brutally assaulted Mrs. Jin using lethal force without any justification.

22      37.   Officer Corvello issued Mrs. Jin a [City of Dublin] Citation, No. D190771.

23  According to the Citation, Mrs. Jin had been arrested for allegedly:  (i) failing to complete

24  [a street] crossing prior to the display of the steady "DON'T WALK" or "WAIT" signal under

25  California Vehicle Code 21456 Section (b); and resisting arrest under California Penal Code

26  Section 148(a).  Police officers are supposed to help elderly women across the street, not beat

27  them to the point of hospitalization.

28

**COMPLAINT AND JURY DEMAND**

1    38.    On information and belief, neither Officer Corvello nor DOES 1-10 wrote or filed

2    reports regarding the arrest of Mrs. Jin and Citation No. D190771, including use-of-force reports

3    that are required under ACSO internal policies.   Alternatively, on information and belief,

4    Defendants destroyed all documentation corresponding to the arrest of Mrs. Jin and Citation

5    No. D190771, including, but not limited to use-of-force reports.   Specifically, ACSO failed to

6    produce any reports regarding the arrest in response to requests from Plaintiff's counsel.

7    Furthermore, Superior Court in Alameda County does not have any record of Mrs. Jin's arrest or

8    even a copy of the Citation.   Oddly, despite the complete lack of paperwork, the Alameda

9    County District Attorney's office informed Plaintiff's counsel that Mrs. Jin would not be

10   prosecuted for any crime in connection with Citation No. D190771.

11   39.    After Plaintiff's counsel filed a complaint against Officer Corvello with ACSO

12   and notified Defendants of this legal action, ACSO launched an internal affairs investigation on

13   or around July 27, 2017.   On August 10, 2017,  Plaintiff's counsel met with ACSO internal

14   affairs officer Lt. McGrory to view the video footage from Officer Corvello's body camera.

15   During the meeting, Lt. McGrory admitted that a violation of California Vehicle Code 21456(b),

16   *i.e.*, jaywalking, was not an "arrestable" crime and thus could not justify Mrs. Jin's arrest on its

17   own.   Lt. McGrory stated that Mrs. Jin was not arrested for jaywalking, but because Mrs. Jin

18   failed to produce identification in violation of California Penal Code Section 148(a).   However,

19   the video from Officer Corvello's body camera not only shows Officer Corvello looking at Mrs.

20   Jin's California-issued identification card, but also includes a verbal acknowledgment from

21   Officer Corvello that he had received Mrs. Jin's ID.   When confronted with this video evidence,

22   Lt. McGrory refused to acknowledge it without any explanation whatsoever.

23   40.    On September 19, 2017, Sheriff Ahern notified Plaintiff that the ACSO internal

24   affairs investigation had concluded.   Despite clear video evidence to the contrary, ACSO had

25   determined that Plaintiff's allegations of unlawful arrest and unnecessary force were both

26   "unfounded."   The letter from Sheriff Ahern did not address the violations of Mrs. Jin's rights

27   under the ADA, Section 504, or state disability laws.

28

**COMPLAINT AND JURY DEMAND**

41.     On information and belief, Defendants, including but not limited to Officer Corvello, Lt. McGrory, Chief Houghtelling, Sheriff Ahern, and DOES 1-10 conspired to cover up their misconduct and unlawful arrest of Mrs. Jin—primarily by, but not limited to, falsely claiming that the arrest was justified because Mrs. Jin failed to produce identification despite clear video evidence to the contrary.

42.     On information and belief, Defendants, including but not limited to Officer Corvello, Lt. McGrory, Chief Houghtelling, Sheriff Ahern, and DOES 1-10 participated in a code of silence concerning the unlawful conduct of fellow law enforcement officers.

43.     On information and belief, Defendants, including but not limited to Officer Corvello, Lt. McGrory, Chief Houghtelling, Sheriff Ahern, and other DOES 1-10 obstructed justice, interfered with Plaintiff's right to petition the government through the courts for redress of civil rights violations, and attempted to cover up violations of Plaintiff's rights by: (i) failing to file arrest or use-of-force reports; (ii) improperly conducting an internal affairs investigation that ignored video footage from Officer Corvello's body camera; and (iii) utilizing the code of silence to improperly shield fellow law enforcement officers.

44.     Acting as integral participants, each with fundamental involvement in the violations of Plaintiff's rights described herein, Defendants unlawfully permitted the use of an extremely high level of force against Plaintiff without any justification. Officer Corvello and DOES 1-10 also used deadly force against Mrs. Jin when they violently twisted Mrs. Jin's arms behind her back, threw her to the ground causing very severe and permanent injuries, stepped on her back and/or neck, and crushed her hands with cuffs. Defendants subjected Plaintiff to the use of excessive force in the absence of any immediate threat, in the absence of any objectively reasonable information that Plaintiff had committed a serious crime, and in the absence of any unlawful resistance by Plaintiff. Plaintiff never possessed or displayed any weapon. There was no need to use any more than the most minimal force against Plaintiff under these circumstances and the totality of force used by Defendants against Plaintiff was unlawful, unnecessary, unjustified and objectively unreasonable under the circumstances. Alternatively, Defendants own excessive and unreasonable actions created the situation in which Defendants decided to

COMPLAINT AND JURY DEMAND

1  unlawfully seize and use force against Plaintiff, and caused an escalation of events leading to the

2  unlawful seizure and use of force against, and injury to, Plaintiff.

3        45.    At all material times, and alternatively, the actions and omissions of each

4  Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious,

5  deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent,

6  and objectively unreasonable.

7        46.    Mrs. Jin required medical treatment for the injuries Defendants caused, including

8  inpatient hospitalization incurred significant medical bills as a result.

9        47.    As a direct and proximate result of each Defendant's acts and/or omissions as set

10 forth above, Mrs. Jin sustained the following injuries and damages, past and future, among

11 others:

12            a.    Blunt force injuries, including but not limited to contusions, abrasions,

13                  avulsions to her body, multiple crushing fractures of her hands and

14                  fingers, and head trauma that required immediate hospitalization,

15                  continuing medical treatment and long-term care;

16            b.    Permanent brain damage,[4] symptoms of which only appeared after the

17                  brutal and unlawful assault by Officer Corvello and DOES 1-10, many of

18                  which have been progressing in severity and require long-term care,

19                  including, but not limited to:  confusion, dementia, short-term memory

20                  loss, various sleep disorders, loss of appetite, depression (including

21                  suicidal thoughts), chronic pain, and stress-related issues leaving Mrs. Jin

22                  unable to move;

23            c.    Medical expenses, past and future;

24            d.    Pain and suffering and emotional distress;

25 _____

26 [4] *See, e.g.*, "Traumatic Brain Injury in Older Adults: Epidemiology, Outcomes, and Future
27 Implications," J Am Geriatr Soc. 2006 October; 54(10): 1590–1595 (noting that seniors are most
   likely to experience a traumatic brain injury from falls, increased probability of severe injuries as
28 well as variety of injuries, and the high percentage of seniors who never recover) (*available at*
   https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2367127/pdf/nihms-44753.pdf).

1    e.    Violations of Mrs. Jin's Constitutional rights, including subjecting her to

2          unlawful arrest, unreasonable excessive force, and obstruction of justice;

3    f.    All damages, costs, and attorney's fees and penalties recoverable under 42

4          U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California

5          Code of Civil Procedure § 1021.5, and as otherwise allowed under

6          California and United States statutes, codes, and common law.

7    48.   Furthermore, as a direct and proximate result of each Defendant's acts and/or

8  omissions as set forth herein, Mrs. Jin has suffered discrimination, extreme physical pain and

9  suffering, humiliation, hardship, anxiety, and indignity, and severe mental and emotional anguish

10  pain.  Mrs. Jin was, and will continue to be denied full and equal access to the programs, services

11  and activities offered to members of the public by Alameda County/ACSO and the City of

12  Dublin, such that an actual and substantial controversy currently exists between Plaintiff and

13  Defendants and declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

14    49.   The violations of the ADA and Section 504 and related state statutes set forth

15  herein, if not enjoined by this Court, will continue to afflict Plaintiff and similarly situated

16  persons and cause them to suffer irreparable physical and emotional harm unnecessarily.

17  Plaintiff has no plain, speedy, and adequate remedy at law for such injuries.   Accordingly,

18  injunctive relief pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794(a), and applicable California

19  state law is appropriate.

20                        **COUNT ONE**
21          **Violation of Title II of the Americans with Disabilities Act**
               **(42 U.S.C. § 12131 *et seq.*)**
22          **Against Defendants Alameda County and the City of Dublin**

23    50.   Plaintiff incorporates by reference each and every allegation contained in the

24  foregoing paragraphs.

25    51.   Plaintiff is, and at all times relevant to this action, a qualified individual with a

26  disability within the meaning of Title II of the ADA and meets the essential eligibility

27  requirements for the receipt of the services, programs, or activities of Defendants Alameda

28  County and the City of Dublin.

1    52.    Defendants Alameda County and the City of Dublin are, and at all times relevant

2    to this action, public entities within the meaning of Title II of the ADA and provided a program,

3    service, or activity to the general public.

4    53.    Through the acts and omissions of Defendants Alameda County, the City of

5    Dublin, and their agents and employees described herein, said Defendants discriminated and

6    subjected Plaintiff to discrimination on the basis of her disability in violation of Title II of the

7    ADA, 42 U.S.C. § 12132 *et seq.*, by failing to provide Plaintiff with communication that is as

8    effective as communication provided to the general public during the course of law enforcement

9    interactions including, but not limited to:  investigation, questioning and interrogation, arrest,

10   transportation, and/or otherwise interacting with Plaintiff during the events set forth herein.

11   54.    Defendants Alameda County, the City of Dublin, and their agents and employees

12   could have reasonably provided a means to effectively communicate with Plaintiff, including but

13   not limited to:  a qualified sign language interpreter at the scene of the investigation, during

14   questioning and arrest of Plaintiff, including informing Plaintiff of the reason for her arrest and

15   her Miranda rights; and/or a Telecommunication Device for the Deaf (TDD), Video Relay

16   Service or equally effective telecommunication system.

17   55.    Defendants Alameda County, the City of Dublin, and their agents and employees

18   failed to provide, or even attempt to provide any means to effectively communicate with Plaintiff

19   at any point during the during the events set forth herein.

20   56.    Defendants Alameda County, the City of Dublin, and their agents and employees

21   have failed and continue to fail to:

22          a.    Adopt and enforce additional policies and procedures for communicating

23                effectively with individuals who are deaf or hard of hearing;

24          b.    Train and supervise ACSO police officers and employees to communicate

25                effectively with individuals who are deaf or hard of hearing; and

26          c.    Train and supervise ACSO police officers and employees regarding the

27                culture and behavior of individual who are deaf or hard of hearing.

28

**COMPLAINT AND JURY DEMAND**

1    57.   Declaratory and injunctive relief are appropriate remedies in this case because the

2    discriminatory conduct of Defendants Alameda County and the City of Dublin is ongoing.

3    58.   Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiffs pray for judgment as set

4    forth below.

5
                              **COUNT TWO**
                  **Violation of Section 504 of the Rehabilitation Act of 1973**
6                             **(29 U.S.C. § 794 *et seq.*)**
7           **Against Defendants Alameda County and the City of Dublin**

8    59.   Plaintiff incorporates by reference each and every allegation contained in the

9    foregoing paragraphs.

10   60.   Plaintiff is, and at all times relevant to this action, a qualified individual with

11   disabilities within the meaning of the Rehabilitation Act because she has physical impairments

12   that substantially limits one or more of her major life activities.  *See* 29 U.S.C. § 705(20)(B).

13   61.   Defendants Alameda County and the City of Dublin are, and at all times relevant

14   to this action, recipients of federal funding within the meaning of the Rehabilitation Act.

15   62.   Through their acts and omissions described herein, Defendants Alameda County,

16   the City of Dublin, and their agents and employees excluded Plaintiff from participation in,

17   denied the benefits of, and subjected Plaintiff to discrimination in participating and benefiting

18   from services that Defendants provide to the general public solely by reason of Plaintiff's

19   disability in violation of the Rehabilitation Act pursuant to 29 U.S.C. § 794.

20   63.   Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794(a),

21   Plaintiff prays for judgment as set forth below.

22
                             **COUNT THREE**
                    **Violation of Cal. Gov't Code § 11135**
23          **Against Defendants Alameda County and the City of Dublin**

24   64.   Plaintiff incorporates by reference each and every allegation contained in the

25   foregoing paragraphs.

26   65.   Defendants Alameda County and the City of Dublin are, and at all times relevant

27   to this action, either directly funded and/or recipients of financial assistance from the state of

28   California within the meaning of Section 11135(a) of the California Government Code.

66.     Through the acts and omissions of Defendants Alameda County, the City of Dublin, and their agents and employees described herein, Defendants Alameda County and the City of Dublin excluded and/or denied Plaintiff the benefit of and/or participation in the programs, services, and activities that they offer to the general public on the basis of her disability in violation of Cal. Gov. Code § 11135.

67.     Pursuant to the remedies, procedures, and right set forth in 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## COUNT FOUR
### Deprivation of Civil Rights
### (42 U.S.C. § 1983 – Individual Liability)
### Against Defendants Officer Corvello and DOES 1-10

68.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

69.     Defendants Officer Corvello and DOES 1-10 acted under color of law, separately and/or in concert.  By their actions and omissions described herein, Defendants deprived Plaintiff of the following U.S. Constitution rights in violation of 42 U.S.C. § 1983:

        a.     The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

        b.     The right to be free from false arrest and imprisonment as secured by the Fourth and Fourteenth Amendments;

        c.     The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

        d.     The right to be free from retaliation for exercise of rights, speech, and expression, as secured by the First and Fourteenth Amendments.

70.     The acts and/or omissions of Defendants Officer Corvello and DOES 1-10 set forth herein were the moving force behind and proximate cause of the injuries and damages to Plaintiff as set forth in ¶ 47 above.

71.     The aforementioned unlawful conduct of Defendants Officer Corvello and DOES 1-10 was willful, wanton, malicious, and oppressive, with reckless disregard or with deliberate

**COMPLAINT AND JURY DEMAND**

indifference of, and with the intent to deprive Plaintiff of her constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages under 42 U.S.C. § 1983 and California law.

72.    Plaintiff is also entitled to her costs and attorneys' fees under 42 U.S.C. § 1988 and applicable California law.

**COUNT FIVE**
**Deprivation of Civil Rights**
**(42 U.S.C. § 1983 – *Monell* and Supervisory Liability)**
**Against Defendants Alameda County, the City of Dublin, Sheriff Ahern, Commander Houghtelling, Lieutenant Robert McGrory, and DOES 1-10**

73.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

74.    The unconstitutional and unlawful actions and/or omissions of Defendants discussed herein were pursuant to the following customs, policies, practices, and/or procedures of Defendants Alameda County (including through its law enforcement agency, ACSO) and the City of Dublin, and were directed, encouraged, allowed, and/or ratified by Sheriff Ahern, Commander Houghtelling, Lieutenant Robert McGrory, as well as other policy-making officers for Alameda County/ACSO and the City of Dublin identified as DOES 1-10:

    a.    To ignore, tolerate, or encourage violations of individual's right to be free from unreasonable searches and seizures and false arrest and imprisonment as secured by the Fourth and Fourteenth Amendments;

    b.    To ignore, tolerate, or encourage discrimination on the basis of disabilities (such as deafness) in violation of Title II of the ADA, including failures to provide deaf and disabled individuals with equal services and communication that is as effective as communication provided to the general public during the course of law enforcement activities;

    c.    To use or tolerate the use of excessive and/or unjustified force, including permitting and training officers: (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury, (ii) to use substantial or deadly force prematurely, (iii) to use substantial or deadly

1
2
3

force without giving a proper warning when one would be feasible, and (iv) to permit and encourage a culture where ACSO officers inflict unnecessary pain and degradation upon their victims;

4
5
6
7
8
9
10
11
12

    d.    To cover-up violations of constitutional rights by:  (i) failing to properly investigate and/or evaluate complaints or incidents of unlawful arrest, excessive and unreasonable force, (ii) ignoring and/or failing to investigate and discipline unconstitutional or unlawful police activity, and (iii) allowing, tolerating, and/or encouraging ACSO officers to not file reports, destroy records, evidence, and reports, make false statements, cover up violations of rights and/or to attempt to bolster officers' stories, and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information;

13
14
15
16

    e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of ACSO does not take any action that may adversely affect a fellow officer or member of the department;

17
18
19
20
21
22
23

    f.    To fail to institute, require, and enforce necessary, appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and practices and procedures described in this Complaint and in sub-paragraphs (a) through (e), with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs; and

24
25
26
27

    g.    To use and/or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct submitted to ACSO internal affairs and/or under California Government Code § 910 *et seq.*

28

**COMPLAINT AND JURY DEMAND**

1   75.    Defendants Alameda County/ACSO, the City of Dublin, Sheriff Ahern, Lt.
2   McGrory, and Commander Houghtelling failed to properly hire, train, instruct, monitor,
3   supervise, evaluate, investigate, and discipline ACSO officers named as Defendants, with
4   deliberate indifference to Plaintiff's constitutional rights and, as described above, the violation of
5   such rights.

6   76.    The unconstitutional actions and/or omissions of Defendants, as described above,
7   were approved, tolerated and/or ratified by Sheriff Ahern, Commander Houghtelling, Lt.
8   McGrory, and other policy-making officers for Alameda County/ACSO and the City of Dublin.
9   The applicable policy-makers for Alameda County/ACSO and the City of Dublin have direct
10  knowledge of the facts of the incident described herein.  Notwithstanding this knowledge, these
11  policy-makers approved of the conduct of Defendants, and have made a deliberate choice to
12  endorse and ratify the unlawful actions of Defendant ACSO officers.

13  77.    The aforementioned customs, policies, practices, and procedures, the failures to
14  properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and
15  discipline, as well as the unconstitutional orders, approvals, ratification and toleration of
16  wrongful conduct of Defendants Alameda County/ACSO, the City of Dublin, Sheriff Ahern,
17  Lt. Robert McGrory, Commander Houghtelling, and other policy-making officers for Alameda
18  County and the City of Dublin were a moving force and proximate cause of the deprivations of
19  Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983, as set forth herein.

20  78.    The aforementioned unlawful conduct of Defendants Alameda County/ACSO, the
21  City of Dublin, Sheriff Ahern, Lt. McGrory, Commander Houghtelling, and other policy-making
22  officers for Alameda County/ACSO and the City of Dublin was willful, wanton, malicious and
23  oppressive, with reckless disregard or with deliberate indifference, and with the intent to deprive
24  Plaintiff of her constitutional rights and privileges, and did in fact violate the aforementioned
25  rights and privileges, entitling Plaintiff to exemplary and punitive damages under 42 U.S.C. §
26  1983 and California law.

27  79.    As a direct and proximate result of the aforementioned unconstitutional actions,
28  omissions, customs, policies, practices and procedures of Defendants Alameda County/ACSO,

COMPLAINT AND JURY DEMAND

the City of Dublin, Sheriff Ahern, Lt. Robert McGrory, Commander Houghtelling, and other policy-making officers for Alameda County/ACSO, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 70-72 above, including punitive damages against Sheriff Ahern, Commander Houghtelling, and other policy-making officers identified as DOES 1-10 in their individual capacities.

**COUNT SIX**
**Violation of Unruh Civil Rights Act**
**(Cal. Civil Code § 51 *et seq.*)**
**Against All Defendants**

80.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

81.     By their acts, omissions, customs, and policies described herein, and acting in concert and as integral participants, Defendants discriminated and denied equal access to Plaintiff, interfered with and violated Plaintiff's rights under California Civil Code § 52.1, the rights under the U.S. Constitution, the Constitution and laws of the State of California as follows:

a.      The right to be free from false arrest and imprisonment and excessive and unreasonable force as secured by the Fourth Amendment to the U.S. Constitution and associated "right to be free from any violence, or intimidation by threat of violence . . . [due to her] disability in violation of Cal. Civ. Code § 51.7;

b.      The right to petition the government for redress of civil rights violations through the courts and otherwise, and the right to be free from unlawful government obstruction of justice, as secured by the First and Fourteenth Amendments to the U.S. Constitution, and as secured by Cal. Const. Art. 1, Sections 3, 7, and 28;

c.      The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

**COMPLAINT AND JURY DEMAND**

1
2

       d.     The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

3
4
5

    82.    Separate from, and above and beyond Defendants' attempted interference and interference with, Defendants further violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

6
7
8
9
10
11

       a.     Threatening Plaintiff with violence, including conduct specifically defined as coercive in California Civil Code § 52.1(j), speech that "threatens violence against a specific person . . . and the person . . . against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat;

12
13

       b.     Using excessive force against Plaintiff (*see Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014));

14
15
16

       c.     Using a very high level of force against Plaintiff sufficient to cause, and that did cause, severe and permanent injuries in the absence of any threat posed by Plaintiff or other substantial lawful need for such force;

17
18

       d.     Using multiple instances of such force such that each use of force was a separate intimidating, threatening, and coercive use of force;

19
20
21

       e.     Re-cuffing and crushing Plaintiff's hands in an unnecessarily painful and purely punishing manner after she had already lost consciousness due to Defendants' prior use of severely injurious force;

22
23
24
25

       f.     Suppressing or destroying reports and other evidence, falsifying internal affairs conclusions based on clearly erroneous facts, and otherwise conspiring and acting to interfere with Plaintiff's right to petition the government and redress Defendants' civil rights violations.

26
27

       g.     Subjecting Plaintiff to multiple violations of her civil rights (*see Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968 (2013)).

28

**COMPLAINT AND JURY DEMAND**

83.    As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and Plaintiff's rights under the U.S. Constitution, the Constitution and laws of the State of California, Plaintiff sustained injuries and damages, and is entitled to relief against each and every Defendant as set forth above in ¶¶ 70-72, including punitive damages against Defendant ACSO officers in their individual capacities, and all damages allowed under California Civil Code §§ 52, 52.1, including but not limited to treble actual damages under Cal. Civil Code § 54.3, costs, attorneys' fees, and other civil penalties provided by the laws of California.  For this claim, pursuant to Cal. Gov. Code § 815.2, Defendants Alameda County and the City of Dublin are vicariously liable for the conduct of its employees and agents.

## COUNT SEVEN
### Negligence Causing Personal Injuries
### Against All Defendants

84.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

85.    At all relevant times, each Defendant owed Plaintiff a duty of reasonable care and a duty to act with due care in rendering police services, including, but not limited to:  (i) using generally accepted police procedures and tactics that are reasonable and necessary under the circumstances; (ii) not using excessive and/or unreasonable force; (iii) not abusing their police authority to make unlawful arrests; and (iv) not violating Plaintiff's rights secured by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

86.    At all relevant times, Defendants Alameda County/ACSO, the City of Dublin, Sheriff Ahern, Lt. Robert McGrory, Commander Houghtelling, and employees or agents of said Defendants owed Plaintiff a duty of reasonable care and a duty to act with due care in rendering police services, including, but not limited to:

        a.    An obligation to hire, investigate, train, supervise, monitor, evaluate, and discipline ACSO employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

**COMPLAINT AND JURY DEMAND**

b.    An obligation to make, enforce, and at all times act in conformance with policies and customs on behalf of the ACSO that are lawful and protective of individual rights, including Plaintiff's;

c.    An obligation to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth in ¶ 74 above.

87.    Defendants, through their acts and omissions set forth herein, breached each and every one of the aforementioned duties owed to Plaintiff.

88.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief against each and every Defendant as set forth in ¶¶ 70-72 above, including punitive damages against all Defendant officers under California law. For this claim, pursuant to Cal. Gov. Code § 815.2, Defendants Alameda County and the City of Dublin are vicariously liable for the conduct of its employees and agents.

### COUNT EIGHT
**Assault and Battery**
**Against Defendants Officer Corvello, DOES 1-10, Alameda County and the City of Dublin**

89.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

90.    Defendants Officer Corvello and DOES 1-10 offensively touched Plaintiff without lawful right or necessity while Plaintiff was behaving lawfully. The unlawful conduct of Defendants Officer Corvello and DOES 1-10 described herein was intentional and reckless, harmful, threatening, and/or offensive, and constitutes assault and battery.

91.    As a direct and proximate result of Defendants' assault and battery, Plaintiff sustained injuries and damages and is entitled to relief against each Defendant as set forth in ¶¶ 70-72 above, including punitive damages against all Defendant officers under California law. For this claim, pursuant to Cal. Gov. Code § 815.2, Defendants Alameda County and the City of Dublin are vicariously liable for the conduct of its employees and agents.

**COMPLAINT AND JURY DEMAND**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    Injunctive relief, including but not limited to the following:

        i.    An order requiring Defendants Alameda County/ACSO and the City of Dublin to fund, with no monetary restrictions, an independent agency to oversee compliance with all injunctive relief ordered, and with complete authority to remove any and all officers of Alameda County/ACSO and the City of Dublin for noncompliance, including Sheriff Ahern, Lt. McGrory, and Commander Houghtelling;

        ii.    An order prohibiting Defendants Alameda County/ACSO, the City of Dublin, Sheriff Ahern, Lt. McGrory, Commander Houghtelling, and employees or agents of said Defendants from engaging in the unconstitutional customs, policies, practices, and procedures described herein;

        iii.    An order requiring Defendants Alameda County/ACSO and the City of Dublin to implement policies and procedures that ensure that ACSO personnel have access to qualified sign language interpreters and auxiliary aids and services at all times;

        iv.    An order requiring Defendants Alameda County/ACSO and the City of Dublin to revise and/or update its training and supervision programs to educate its officers and employees about providing effective communication and auxiliary aids to persons who are deaf or hard of hearing consistent with ADA and California law to ensure equal access to programs and services;

    b.    Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

    c.    Punitive damages under 42 U.S.C. §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    d.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983, and 1988; Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code §§ 52 *et seq.*, 52.1, and as otherwise allowed under California and/or federal law; and

    e.    Any other relief that this Court may deem appropriate.

**COMPLAINT AND JURY DEMAND**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby requests a trial by jury on all issues so triable.

3

4

5    Dated:  August 11, 2018                     By: _____ /s/ Mark S. Zhai _____

6                                                     Mark S. Zhai
                                                     *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28